PAWALOWSKI, Appellant, vs. HARTFORD PLOW COMPANY, Respondent.

*October 6—October 27, 1914.*

*Master and servant: Injury: Unsafe working place: Assumption of risk: Direction of verdict.*

In an action for injury to an employee in an iron foundry who, in 1909, stumbled and fell, either by reason of a molding board being in his pathway, or the light going out, or some other cause, a verdict for defendant was properly directed on the grounds that the mere fact of the molding board being in the way did not show actionable negligence, that plaintiff assumed the risk as to uncertainty of the lights being in constant service, and that his injury was the result of a mere accident. [Whether, if the accident had occurred after, instead of before, the recent legislation increasing the duty of an employer as to safety of working place, etc., such direction of verdict would have been proper, is not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to recover compensation for personal injury.

January 29, 1909, plaintiff, while performing his duties as an employee of defendant, was injured. He and an associate were carrying a ladle in an iron foundry molding room. They had executed a trip and were on their return. It was dark, except for dim light from the molten iron and electric lights. As plaintiff was going toward the cupola, either by reason of a molding board in his pathway, or the light going out, or some other cause, he stumbled and fell. There was evidence tending to show there was such a board, either in the passageway or so near thereto as to be liable to interfere with movements of the ladle men, and that the lights for a considerable length of time, to plaintiff's knowledge, had been accustomed to go out, as on the particular occasion. Plaintiff testified that he fell before the lights went

out; that he saw the molding board before he fell; that he fell right after the lights went out; that he fell just as the lights went out. His and all the evidence was to the effect that the molding room was in its usual condition and that he · was perfectly ·familiar therewith. If there was a molding board in the passageway it had, within a short time on the particular day, been placed there by one of the molders, or displaced from where piled at the side of the passageway. At the instant plaintiff fell he and his associate were passing other men who were carrying a filled ladle, requiring the former to give the latter the right of way. Plaintiff and his associate had several times during the afternoon passed over the place where the accident occurred, carrying the ladle, sometimes loaded and sometimes empty.

At the close of the evidence the court directed a verdict for the defendant.

For the appellant there was a brief by *Joseph G. Hirschberg,* attorney, and *C. H. Hamilton,* of counsel, and oral argument by *Mr. Hamilton.*

For the respondent there was a brief by *Doe, Ballhorn &* · *Wilkie,* and oral argument by *J. B. Doe.*

MARSHALL, J. The judgment must be affirmed. The statement shows, without discussion, that whatever risks there were in plaintiff's working place, he was familiar with and voluntarily subjected himself to.

The accident happened prior to the late legislation increasing the duty of an employer as to safety of working place and conditions and making other changes in the law of negligence. Whether if such an accident should occur in the present state of the written law, the same result would be necessarily proper. we need not say. Quite clearly the trial court was justified in directing the verdict upon the ground that the mere circumstance of the molder's implement being in plaintiff's way was not actionable negligence, that plaintiff

assumed the risk as to uncertainty of the lights being constantly in service, and that his injury was only a matter of mere accident.

*By the Court.*—Judgment affirmed.